1
2
3
4
5

Jeffrey B. Isaacs (SBN 117104)
Jerome H. Friedberg (SBN 125663)
**ISAACS | FRIEDBERG LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Phone:     (213) 929-5550
Facsimile:    (213) 955-5794
Email:     *jisaacs@ifcounsel.com*
            *jfriedberg@ifcounsel.com*

6    *Attorneys for Plaintiff James Poe*

7

8

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11   **JAMES POE,**                      Case No. 2:21-cv-02899

12            Plaintiff,                 **COMPLAINT FOR:**

13       vs.

14   **UNITED STATES OF AMERICA;**       **(1) INJUNCTIVE RELIEF**
     **TRACY L. WILKISON,**                  **REGARDING UNLAWFUL**
15     in her official capacity only;        **SEARCH, SEIZURE AND**
     **KRISTI KOONS JOHNSON,**               **DEPRIVATION OF**
16     in her official capacity only,        **PROPERTY;**

17            Defendants.

18                                       **(2) RETURN OF PROPERTY**
                                             **PURSUANT TO FEDERAL**
19                                           **RULE OF CRIMINAL**
                                             **PROCEDURE 41(g);**
20

21                                       **(3) ORDER REQUIRING**
                                             **DISCLOSURE OF COPY OF**
22                                           **WARRANT AND RECEIPT OF**
                                             **PROPERTY TAKEN; AND**
23

24                                       **(4) DECLATORY RELIEF.**

25
                                         **DEMAND FOR JURY TRIAL**
26

27

28

483238.5

Plaintiff James Poe alleges as follows:

1.      Plaintiff James Poe brings this action against the United States of America ("**United States**"), Acting United States Attorney for the Central District of California, Tracy L. Wilkison, in her official capacity only, and Assistant Director in Charge of the Los Angeles Field Office of the Federal Bureau of Investigation ("**FBI**"), Kristi Koons Johnson, in her official capacity only (collectively, "**Defendants**"), seeking to enjoin and redress the unlawful search, seizure, inspection, and retention of Plaintiff's property in violation of Plaintiff's Fourth and Fifth Amendment rights.

## JURISDICTION, AUTHORITY AND VENUE.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and Article III of the United States Constitution in that the United States is a party to this action, and the action involves questions of federal statutory and Constitutional law.

3.      This Court has the authority to enjoin the government from engaging in the unlawful search and seizure of property pursuant to Federal Rule of Civil Procedure 65 and the Court's equitable power to prevent, stop and redress a deprivation of constitutional rights causing irreparable injury.  *See Elrod v. Burns*, 477 U.S. 347, 373 (1976); *Melendres v. Arpaio*, 695 F.2d 990, 1002 (9th Cir. 2012); *Nelson v. Nat'l Aeronautics and Space Admin.*, 530 F.3d 865, 882 (2008).

4.      This Court has the authority to order the return of property that was the subject of an unlawful search and seizure, or an otherwise unlawful deprivation, pursuant to Federal Rule of Criminal Procedure 41(g), even in the absence of a criminal proceeding.  *See United States v. Martinson,* 809 F.2d 1364, 1366-67 (9th Cir. 1987).

5.      This Court has the authority to order the government to disclose to a property owner a warrant and the receipt of property taken pursuant to Federal Rule of Criminal Procedure 41(f)(1)(C) and Federal Rule of Civil Procedure 65.

**COMPLAINT**

6.     This Court has the authority to grant the declaratory relief sought herein pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57.

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(3) because Defendants include the United States and agencies of the United States; because, on information and belief, the individual Defendants sued in their official capacities reside in this district; and because a substantial part of the events and/or omissions giving rise to the claims herein occurred in this district.

## PARTIES.

**A.     Plaintiff.**

8.     Plaintiff James Poe is, and at all relevant times was, an individual residing in Los Angeles County, California.[1]

9.     Plaintiff stored valuable property belonging to him in a safe deposit box at US Private Vaults ("**USPV**"), which was seized by the United States Attorney's Office for the Central District of California ("**USAO**") and the FBI between on or about March 22, 2021 and March 26, 2021, and which property is still being held by Defendants.  None of the property is contraband.

10.     On information and belief, Defendants are unaware of Plaintiff's identity and have expressly stated their intention to criminally investigate any USPV safe deposit box holder whose identity they can determine.  Plaintiff therefore brings this claim pseudonymously, to protect himself from the risk of criminal investigation and prosecution and from injury, harassment, retaliation and embarrassment.  *See Does I-XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).

**B.     Defendants.**

11.     Defendant United States of America is, and at all relevant times was, the United States, its departments, agencies and entities, including those responsible for

---

[1] This complaint uses male pronouns only as a grammatical convenience consistent with the reference to James Poe.  Plaintiff makes no allegation as to her or his gender.

the Fourth and Fifth Amendment violations and other violations of law alleged in this action.

12.     Defendant Tracy L. Wilkison is, and at all relevant times was, the Acting United States Attorney for the Central District of California (the "**U.S. Attorney**"). The U.S. Attorney has authority over all policies and practices of the USAO, and all actions taken by Assistant United States Attorneys for the Central District of California.  Defendant Wilkison is sued in her official capacity only.

13.     Defendant Kristi Koons Johnson is, and at all relevant times was, the Assistant Director in Charge of the FBI's Los Angeles Field Office (the "**Assistant Director**").  The Assistant Director has authority over the policies and procedures implemented by, and the actions of, FBI agents assigned to the Los Angeles Field Office.  Defendant Koons Johnson is sued in her official capacity only.

## RELATED CASE.

14.     This case is related to the case pending in this district entitled, *John Doe v. United States of America, et al.*, Case No. 2:21-cv-02803, filed on March 31, 2021, and assigned to United States District Judge Gary R. Klausner ("**Case No. 2:21-cv-02803**").  The cases are related pursuant to Local Rule 83-1.3, in that: (a) both cases arise from the same or closely related transactions, happenings and events; (b) both cases call for determination of the same or substantially related or similar questions of law and fact; and (c) both cases name the same defendants and essentially seek the same relief, and therefore would entail substantial duplication of effort if heard by different judges.

15.     A Notice of Related Case is being filed concurrently herewith.

## FACTUAL ALLEGATIONS.

**A.    USPV.**

16.     On information and belief, since 2011, USPV has operated a facility offering private safe deposit boxes for rent to the public at 9182 West Olympic Boulevard in Beverly Hills.  There is nothing secretive about the business; it

4
**COMPLAINT**

advertises by prominent signage and by using an elaborate website with detailed information about the services it offers.  *See* https://www.usprivatevaults.com.

17.     On information and belief, USPV's Olympic Boulevard facility houses at least several hundred safe deposit boxes of varying sizes, each secured by its own key.  USPV leases these boxes to the public under yearly leases and provides security and insurance for their contents.

18.     Notably, USPV does not keep a key to any rented boxes, which means that the only person with the ability to open the box is the renter or the renter's authorized designee.  *See* https://www.usprivatevaults.com/uspv-vs-bank-safe-deposit-box.

19.     According to USPV's website:

- USPV has been operating in Beverly Hills since 2011.
- USPV provides several advantages that are unavailable at bank safety deposit boxes:
    - All USPV boxes are insured.  Banks do not offer insurance for their boxes.
    - USPV does not hold keys to their clients' boxes.  Banks do keep a key.
    - USPV is not subject to federal banking rules that could mandate "bank holidays" or a suspension of withdrawals in case of an economic crisis.
    - Accessing a box at USPV takes much less time than at a bank.  Indeed, the facility advertises "In & out access in 5 minutes."
    - USPV boxes are not subject to probate lock out upon the death of the box owner.
    - USPV offers a wider selection of box sizes than do banks.
- Security at USPV is handled by ADT (a publicly traded security company with over $5 billion in revenue, which operates "the largest network of security professionals in the United States").

https://investor.adt.com/press-releases/press-release-details/2021/ADT-Reports-Fourth-Quarter-and-Full-Year-2020-Results/default.aspx.

**COMPLAINT**

483238.5

20.     On information and belief, the safe deposit boxes USPV offers provide several enhanced privacy and security features, including that:

(a)     USPV identifies its customers by encrypted biometric information in the form of an iris scan and does not use other personal identifying information related to its customers.  USPV advertises this feature as an enhanced privacy and security measure that protects against the theft of personal identifying information.

(b)     USPV does not maintain keys to its customers' safe deposit boxes. Customers maintain all keys to their boxes and access the vault containing their boxes through iris scan or biometric hand geometry scan, which reads the shape of a customer's hand (as opposed to finger or palm prints).

(c)     USPV offers 24/7 monitoring by the ADT security company through use video at ADT's central station, as well as motion detectors, heat sensors, and other sophisticated security measures to detect the presence of intruders after regular business hours.

(d)     USPV offers insurance for each safe deposit box up to $500,000 per box.

**B.     Plaintiff Rents a Safe Deposit Box at USPV that is Holding Plaintiff's Valuable Property.**

21.     Plaintiff rents a safety deposit box at USPV.  Plaintiff was given keys to the box and has maintained control over the box since the commencement of the lease.  Plaintiff is current on his lease payments.

22.     Plaintiff keeps valuables in the box, including currency.  The currency is part of Plaintiff's savings and for emergency purposes; it is not contraband.

23.     Plaintiff's property was in the box when the government seized control of USPV and all of the safety deposit boxes on or about March 22, 2021.  Plaintiff has been unable to enter USPV or access the box since the commencement of the government's search on the morning of March 22, 2021.

24.     Plaintiff has brought and is pursuing this action pseudonymously.

**COMPLAINT**

483238.5

Because, as described further below, the government has announced its intention to criminally investigate every person identified as a USPV box holder, Plaintiff should not be forced to identify himself to the government, and thereby make himself the subject of a criminal investigation, as a condition precedent to the government returning his property, especially as the government had neither probable cause nor a valid warrant to seize that property in the first place.  Accordingly, Plaintiff is properly proceeding pseudonymously.  *See, e.g., Advanced Textile Corp.*, 214 F.3d at 1067-68.

**C.  The USAO and FBI Search USPV and Seize All Safe Deposit Boxes and Their Contents.**

25.  At the direction of the USAO, beginning early in the morning on Monday, March 22, 2021, representatives of the United States, including agents with the FBI Los Angeles Field Office, executed a search warrant at USPV.

26.  In executing the warrant, the agents closed the parking lot and USPV to the public.  *See* "Federal Investigation Takes Over Beverly Hills Strip Mall," *Beverly Hills Courier* (Mar. 25, 2021), available at https://beverlyhillscourier.com/2021/03/25/federal-investigation-takes-over-beverly-hills-strip-mall/ ("The strip mall at the intersection of West Olympic Boulevard and South Palm Drive is hardly something to gawk at—upscale by strip mall standards, but still a strip mall.  But since March 22, dozens of local and federal agents have taken over the lot.").

27.  On information and belief, on Tuesday, March 23, when the agents still had not left, counsel for one or more box holders other than Plaintiff visited the site and attempted to speak with an agent to learn whether there was a warrant for his clients' safe deposit boxes, and, if so, to obtain a copy of the warrant pursuant to Federal Rule of Criminal Procedure 41.  A police officer guarding the perimeter carried counsel's message inside to the agents and returned with a message that no agents would come out to speak with counsel, but that counsel could call a telephone

**COMPLAINT**

483238.5

1    number that the agents provided.  The number provided was the FBI's general

2    Los Angeles number.  Counsel left a voicemail message at that number, but his call

3    was never returned.

4          28.    On information and belief, counsel subsequently learned that Assistant

5    United States Attorney ("**AUSA**") Andrew Brown was handling the matter.  That

6    same day, another attorney for box holders other than Plaintiff contacted

7    AUSA Brown to attempt (a) to determine whether his client's safe deposit box(es)

8    had been searched; (b) to determine whether his client's property had been seized;

9    and (c) in the event either had occurred, to obtain a copy of the warrant pursuant to

10   Rule 41.

11         29.    On information and belief, during the ensuing conversation,

12   AUSA Brown told the attorney the following:

- The government is seizing all safe deposit boxes at the site, even though these boxes are separately held by numerous unknown individuals;

- The government will inspect and inventory the contents of every box and use that information to try to identify every box's owner(s);

- The government will not read the contents of notebooks or thumb drives that they find in these boxes;

- A search and seizure warrant was served on the owners or management of USPV, but AUSA Brown declined to disclose either the names of the persons served or their counsel;

- The government will not provide the search and seizure warrant to a holder of USPV safe deposit boxes unless and until the holder identifies himself or herself;

- If a holder of a safe deposit box identifies himself or herself, then the government will commence an investigation of the holder to determine whether he or she came by the contents in his or her safe deposit boxes legally, and the holder will be required to establish his or her claim to lawful ownership of the property contained in the boxes; and

- The government assumes that all holders of all safe deposit boxes at USPV are engaged in illegal activity, even though the government does not know the identity of the holders or the

8

**COMPLAINT**

1     contents of the boxes.

2     30.     The government thus intends to refuse to return the property of any

3     USPV box holder who refuses to waive his or her Fifth Amendment rights and

4     identify himself or herself to law enforcement as the lessee of a particular box and the

5     owner of its contents.

6     31.     On information and belief, the government intends to subject every

7     USPV box holder to criminal investigation by implementing the following steps:

8           (a)     Each safe deposit box owner would be required to disclose their

9     identity to the USAO, and to FBI agents acting at the direction of the USAO, to

10    initiate a claim for the return of the contents of his or her safe deposit box.

11          (b)     Once provided with the box holder's identity, the USAO intends

12    to open a criminal investigation into that person based upon the USAO's belief that

13    nobody would utilize the safe deposit boxes at USPV unless they were a "criminal."

14          (c)     The government intends to refuse to return the property in a safe

15    deposit box to its owner unless a box holder explains to the USAO how they obtained

16    that property and is able to convince the USAO that it was not related to the

17    commission of a "crime."

18    32.     As of March 26, 2021, the USPV location is closed and a sign, a true and

19    correct depiction of which is set forth below, is affixed to the door directing safe

20    deposit box holders to use the web link *forms.fbi.gov/uspvclaims* to "initiate a claim

21    for your US Private Vaults box":

22    //

23    //

24    //

25    //

26    //

27    //

28    //

**COMPLAINT**

483238.5

1
2
3
4
5
6
7
8
9
10



11    33.    The form located at forms.fbi.gov/uspvclaims, a true and correct

12 depiction of which is set forth below, states: "To make a claim for property stored at

13 U.S. Private Vaults in Beverly Hills, California, please provide the following

14 information.  An FBI agent will contact you for additional details."  The form

15 requires entry of first name, last name and contact number for submission:

16
17
18
19
20
21
22
23
24
25
26



27    34.    The form also requires the person submitting it to acknowledge that "it

28 is a federal crime punishable by fine or imprisonment, or both, to knowingly make

**COMPLAINT**

483238.5

1   any false statements concerning the facts on this form as applicable under the

2   provisions of Title 18, United States Code, Section 1001, et seq."

3   **D.   Plaintiff Is Suffering Ongoing Harm.**

4   35.   The safe deposit box containing Plaintiff's property remains in

5   Defendants' possession and control, and the risk that Defendants will break it open

6   and continue searching, inspecting and cataloguing its contents is actual and ongoing.

7   36.   Moreover, Plaintiff continues to be deprived of any access to or the use

8   and enjoyment of his property contained in the box.  Meanwhile, Plaintiff has no

9   means to recover the property seized by Defendants, unless he first subjects himself

10   to criminal investigation by following the unlawful procedures prescribed by

11   Defendants, as described above.

12                    **FIRST CAUSE OF ACTION**

13           **(For Injunctive Relief to Address Ongoing Violations of**

14                    **Fourth and Fifth Amendment Rights)**

15                       **(Against All Defendants)**

16   37.   Plaintiff realleges and incorporates by reference the allegations in each

17   of the preceding paragraphs.

18   38.   The Fourth Amendment to the United States Constitution provides that,

19   "[t]he right of the people to be secure in their persons, houses, papers, and effects,

20   against unreasonable searches and seizures, shall not be violated, and no Warrants

21   shall issue, but upon probable cause, supported by Oath or affirmation, and

22   particularly describing the place to be searched, and the persons or things to be

23   seized."

24   39.   The Due Process Clause of the Fifth Amendment to the United States

25   Constitution provides that, "[n]o person shall be . . . deprived of life, liberty, or

26   property, without due process of law."  U.S. Const. amend. V.

27   40.   Confiscation, detention, inspection and/or cataloguing of the contents of

28   a safe deposit box containing private property is a search and seizure for purposes of

483238.5

the Fourth Amendment.  *See, e.g., United States v. Chadwick*, 433 U.S. 1, 11 (1977) ("By placing personal effects inside a double-locked footlocker, respondents manifested an expectation that the contents would remain free from public examination."), *abrogated on other grounds by California v. Acevedo*, 500 U.S. 565 (1991); *United States v. Spilotro*, 800 F.2d 959, 962 (9th Cir. 1986) ("We begin by noting that there is no question that defendant Blasko has standing to challenge the search of his home, person, and safe deposit box."); *United States v. Wetselaar*, No. 2:11-CR-00347-KJD, 2013 WL 8206582, at *10 (D. Nev. Dec. 31, 2013) ("[A]s renters of those boxes, Defendants had a reasonable expectation of privacy in the contents, which include the space inside the box and the inner metal liner itself.").

41.   Beginning on or about March 22, 2021, and continuing until the time of the filing of this action, in the Central District of California, Defendants seized the USPV safe deposit box Plaintiff rents and containing Plaintiff's personal property, without any knowledge of the safe deposit box's contents or the identity of the owner of its contents.

42.   On information and belief, Defendants unreasonably seized the safety deposit box without a valid warrant and without probable cause to believe its contents, or the owner of its contents, were connected to any crime.

43.   On information and belief, Defendants did not have a warrant to search the contents of any specific safe deposit box identified the box by number.

44.   On information and belief, Defendants have begun to break open, search and inventory, and there is a serious risk that they will continue to break open, search and inventory, the contents of seized safe deposit boxes, although Defendants lack probable cause to conduct such searches and seizures.

45.   Plaintiff has not consented to the search of his safe deposit box or its contents.

46.   Defendants have not initiated criminal proceedings against Plaintiff in connection with the contents of his seized safe deposit box or otherwise.  Nor do

1   Defendants have probable cause to initiate such proceedings here.

2       47.     Nonetheless, Defendants are unreasonably refusing to return the contents

3   of safe deposit boxes to box holders, unless and until they forfeit the confidentiality

4   associated with their safe deposit boxes by identifying themselves to Defendants, and

5   thus submitting themselves to criminal investigation and potential prosecution.

6       48.     Furthermore, on information and belief, Defendants have refused to

7   provide box holders and/or their counsel with a copy of the search warrant that

8   purportedly authorizes their ongoing search and seizure of the boxes, unless box

9   holders subject themselves to criminal investigation, which is entirely unreasonable.

10      49.     Plaintiff has suffered, and continues to suffer, irreparable injury as a

11  result of Defendants' conduct in violation of his Fourth and Fifth Amendments rights,

12  including: Defendants' continuing deprivation of Plaintiff's possessory rights in his

13  personal property without due process; Defendants' continuing violation of Plaintiff's

14  Fourth Amendment rights resulting from Defendants' ongoing search, seizure and

15  inventorying of Plaintiff's property in the absence of a valid warrant and probable

16  cause; and Defendants' continuing violation of Plaintiff's Fifth Amendment rights by

17  insisting that box holders forego the confidentiality associated with a safe deposit box

18  and submit to a criminal investigation to obtain access to their property.

19      50.     Defendants have stated their intention to continue searching, inspecting

20  and retaining the property they unreasonably and unlawfully seized from Plaintiff.

21  Therefore, Plaintiff has suffered, and will continue to suffer, irreparable injury absent

22  an injunction restraining and enjoining Defendants from (a) continuing to search,

23  inspect, inventory and retain Plaintiff's property; (2) conditioning the release of

24  Plaintiff's property on Plaintiff's disclosure of his identity and consent to being

25  subjected to a criminal investigation; and (3) continuing to hold Plaintiff's property.

26  //

27  //

28  //

**COMPLAINT**

483238.5

**SECOND CAUSE OF ACTION**

**(For Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g))**

**(Against Defendant United States)**

51.    Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs.

52.    Federal Rule of Criminal Procedure 41(g) provides that, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . ."

53.    Defendants seized, and continue to maintain their possession and control of, the safe deposit box Plaintiff is leasing, in which Plaintiff is storing his personal property.  Defendants seized the safe deposit box without any probable cause to believe the contents of the safe deposit box were connected to any crime, and, on information and belief, without a valid warrant authorizing Defendants to search Plaintiff's safe deposit box.

54.    Because Defendants' conduct as described herein constituted an unlawful search and seizure of the contents of Plaintiff's safe deposit box in violation of his Fourth Amendment rights, and an unlawful deprivation of Plaintiff's property without due process in violation of his Fifth Amendment rights, Plaintiff is entitled to the return of his property under Rule 41(g).

**THIRD CAUSE OF ACTION**

**(For Order Disclosing Warrant and Property Receipt)**

**(Against All Defendants)**

55.    Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs.

56.    Federal Rule of Criminal Procedure 41(f)(1)(C) provides, in relevant part, that, "[t]he officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises the property was taken . . . ."

**COMPLAINT**

57.    On information and belief, Defendants did not leave copies of the warrant and receipt of property taken at the USPV Olympic Boulevard facility that were accessible to box holders or their counsel.  In fact, on information and belief, Defendants have refused to provide a copy of the warrant unless and until box holders identify themselves to Defendants.

58.    Accordingly, Defendants should be ordered to provide Plaintiff's counsel with a copy of the warrant and the receipt of the property taken from the USPV Olympic Boulevard facility, or make copies of such documents available to box holders and/or their counsel at that location, without requiring box holders to first identify themselves to Defendants to obtain such copies.

## FOURTH CAUSE OF ACTION

### (Declatory Relief)

### (Against All Defendants)

59.    Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs.

60.    Plaintiff contends that Defendants' conduct has violated, and continues to violate, Plaintiff's Fourth and Fifth Amendment rights as described above, and that Plaintiff is therefore entitled to the injunctive and other relief he seeks herein.

61.    On information and belief, Defendants contend that their search, seizure, and conditioned refusal to return Plaintiff's property is reasonable and lawful, and deny that Plaintiff is entitled to any relief.

62.    A judicial declaration is necessary and appropriate at this time and under these circumstances, therefore so that Plaintiff may ascertain his rights to regain possession of his personal property seized by Defendants, and Defendants' lack of any right to use information obtained from the unlawful search and seizure of Plaintiff's property against him.

63.    Accordingly, Plaintiff requires a judicial determination of the parties' respective rights and liabilities, and a declaration that Defendants' conduct constitutes

**COMPLAINT**

483238.5

1  an unreasonable search and seizure conducted in a manner that has violated, and
2  continues to violate, Plaintiff's Fourth and Fifth Amendment rights.

3  ### **PRAYER FOR RELIEF**

4      Plaintiff prays for judgment against Defendants as follows:

5      A.    For a preliminary and permanent injunction ordering Defendants to
6  immediately cease all seizures, searches, inspections and inventorying of Plaintiff's
7  property; to preclude Defendants' use of any information obtained, directly or
8  indirectly, from their unlawful search and seizure of Plaintiff's property to
9  investigate and/or prosecute him; and to enjoin Defendants' further violations of
10 Plaintiff's Fourth and Fifth Amendment rights as described herein.

11     B.    For an order requiring Defendants to immediately return all property
12 seized by Defendants and belonging to Plaintiff, without requiring Plaintiff to first
13 disclose his identity or identifying information to Defendants.

14     C.    For an order requiring Defendants to immediately provide Plaintiff's
15 counsel with a copy of the warrant and receipt of property taken from the USPV
16 Olympic Boulevard facility, or to make such copies available to box holders and/or
17 their counsel at the facility, without requiring box holders to first disclose their
18 identities to Defendants.

19     D.    For a declaration that Defendants' conduct as described herein has
20 violated Plaintiff's rights under the Fourth and Fifth Amendments to the United
21 States Constitution.

22     E.    For such other and further relief as the Court deems just and proper.

23

24 DATED:  April 3, 2021              **ISAACS | FRIEDBERG LLP**

25

26

27                                  Jeffrey B. Isaacs, Esq.
                                 Jerome H. Friedberg, Esq.
28                                  *Attorneys for Plaintiff James Poe*

483238.5

## **DEMAND FOR JURY TRIAL**

Plaintiff James Poe hereby demands a jury trial on all issues properly triable to a jury pursuant to Federal Rule of Civil Procedure 38.

DATED:  April 3, 2021                    **ISAACS | FRIEDBERG LLP**

Jeffrey B. Isaacs, Esq.
Jerome H. Friedberg, Esq.
*Attorneys for Plaintiff James Poe*

**COMPLAINT**

483238.5